CORNELIUS B. PAYNE, RESPONDENT, v. AMELIA E. BURNHAM AND ANOTHER, APPELLANTS.

*Mortgage — validity of, in hands of assignee — Estoppel.*

The court below having found that the plaintiff took an assignment of a mortgage, believing it to be a *bona fide*, existing one, and the mortgagor at the time having sworn to an affidavit that it was a good, valid and subsisting mortgage, *held*, that the mortgagor was estopped from denying its validity.

APPEAL from a judgment of the County Court of Kings county. This action was brought to foreclose a mortgage made by the

* Crooke v. Andrews, 40 N. Y., 547; Scott v. Onderdonk, 14 id., 9.

defendants to John H. Sterling, on certain real estate in the city of Brooklyn, the separate property of the defendant, Amelia E. Burnham. The mortgage was assigned by Sterling to the plaintiff.

The bond and mortgage, dated 20th June, 1870, recorded 23d June, 1870, were given to secure the sum of $10,000. The assignment bore date, 23d June, 1870, and was recorded, 29th June, 1870.

The answer sets up the defense of usury, and alleges that it was agreed between the parties, that the bond and mortgage should be executed to Sterling, and by him assigned to the plaintiff, for the purpose of avoiding the statute, and that the mortgage was afterward extended by a further usurious agreement.

It appeared in evidence, that at or about the time of the assignment, the defendants swore to an affidavit that they were the owners of the premises in question, and that the consideration of the mortgage was the full amount expressed therein, without any discount or abatement whatsoever, and that there was no defense or offset to the same, of any nature or kind whatsoever, either legal or equitable.

The evidence offered by the plaintiff was also to the effect that the transaction took place between the agent of the plaintiff and one Brownell, through a real estate broker, and that the purchase of the bond and mortgage was made in good faith, without notice that they were otherwise than good and *bona fide* securities; that they were so represented by Brownell, and so purchased.

The agent of the plaintiff paid for the bond and mortgage $1,755, by means of checks payable to the order of Sterling, the mortgagee. These checks were indorsed by Sterling to the order of A. C. Burnham.

The testimony on behalf of the defendant tended to prove that the negotiation took place between the defendant, A. C. Burnham, and the plaintiff or his agent directly. That the mortgage was not in existence at the time, and that the execution of the mortgage to Sterling, and its assignment to the plaintiff, were parts of the same transaction, and were so understood by the plaintiff's agent, and intended to avoid the statute against usury.

The action was tried before the court without a jury, and it was found that there was due to the plaintiff the amount secured by the mortgage with interest, less the amount paid as usurious consider

ation for the extension of the mortgage, which should be credited as payments on account of the principal.

*George C. Blanke*, attorney for the appellants.

*George H. Granniss*, attorney for the respondent.

BARNARD, P. J.:

The principal question in this case is one of fact. The evidence was very conflicting, whether the plaintiff or his agent took the assignment of the mortgage as a *bona fide* one, or whether they knew it was drawn to a third party, to be assigned to plaintiff upon an usurious rate of interest. The court below has found that the plaintiff took the same, believing it to be a *bona fide* existing mortgage.

We cannot reverse this finding. The mortgagor and her husband both swore to an affidavit, as to the validity of the mortgage, the husband at the time, and the wife within an hour afterward, and before the payment of but $500 of the purchase-price.

It is quite unlikely that these parties swore to a falsehood, known to be untrue by the plaintiff and his attorney, who were to receive it, and were to be protected by it. The estoppel is complete against Mrs. Burnham. It was part of the arrangement made by her agents, that she should sign such an affidavit, and that the fact that it was a good and valid subsisting mortgage was true. She ratified this afterward, and within an hour after the first payment of $500, by making the affidavit. She was estopped without the affidavit. That is but evidence of the assertion of the fact, which created the estoppel. It was proper to give a judgment for deficiency against the mortgagor; she received the money for which the mortgage was given, and that surely was for the benefit of her separate estate.

Judgment affirmed, with costs.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.